Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBM 278521)
sweerasuriya@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
Attorneys for Plaintiff,

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE GARCIA-ESPINOSA,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS, LLC,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **Rosenthal Fair Debt Collection Practice Act; and**<br>2. **California Civil Code. §§ 1798.92, et seq.;**<br>3. **Violation of Fair Credit Reporting Act**<br>4. **Violation of Consumer Credit Reporting Agencies Act**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The California State Legislature enacted the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") with the intention prohibiting debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. *Cal. Civ. Code* §1788.1(2)

1
**COMPLAINT FOR DAMAGES**

2. In enacting the California's Identity Fraud Statute, *Cal. Civ. Code* §§1798.92 et seq., the legislature found that the right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies, and that in order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. *Cal. Civ. Code* §1798.1(a),(c).

3. Noe Garcia-Espinosa ("Plaintiff") brings this action against Verizon Wireless LLC ("Defendant"), due to Defendant's willful efforts to attempt to collect monies from Plaintiff on a debt that she did not incur and does not owe, despite Plaintiff advising Defendant that the debt Defendant sought was a result of fraud on Plaintiff's identity. Defendant ignored a police report and other verifiable information provided to Defendant, attesting to the fact that the debt sought by Defendant is not by owed by Plaintiff. As a result of Defendant's conduct, Plaintiff has been harmed, and her rights as a consumer have been violated, as further detailed below.

4. Additionally, Plaintiff brings this action for damages for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the Consumer Credit Reporting Agencies Act, *Cal. Civ. Code* §1785, et seq., (herein after "CCRAA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Venue is proper in the Eastern District of California because Plaintiff resides in Kern County, which is within the Eastern District of California, and because Defendant also does business in the Eastern District of California.

11. The Court has subject matter jurisdiction over Plaintiff's FCRA cause of action under 28 U.S.C. §1331, because it arises under federal law, and supplemental jurisdiction over Plaintiff's claims under the RFDCPA, CCRAA and

3
**COMPLAINT FOR DAMAGES**

California's Identity Fraud Statute under 28 U.S.C. §1367(a), because they form part of the same case and controversy as Plaintiff's cause of action under the FCRA.

## PARTIES

12. Plaintiff is a "Victim of Identity Theft" as that term is defined by *Cal. Civ. Code* § 1798.82(d), and Plaintiff is a and "debtor(s)" as defined by *Cal. Civ. Code* §1788.2(h).

13. Plaintiff is a natural person residing in Bakersfield, County of Kern, California.

14. Defendant is a company that at all times relevant herein, did business in the State of California, County of Kern. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a a "consumer debt," as defined by *Cal Civ. Code* §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, *Cal Civ. Code* §1788.2(c). Defendant is also "claimant" as that term is defined by *Cal Civ. Code* § 1798.92(a).

15. At all relevant times herein, Defendant was a company engaged in, and who regularly provides information to, consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

///

## FACTUAL ALLEGATIONS

16. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. The account number allegedly belonging to Plaintiff ends in -0001 and the alleged balance due is $1023.00. However, Plaintiff never opened an account with Defendant, yet, Defendant reported the outstanding debt on Plaintiff's credit report.

19. Plaintiff contacted Defendant and advised them that she did not authorize the opening of the account that was being falsely reported. Defendant responded that someone had used Plaintiff's social security number but a different address to open the account.

20. On or about January 26, 2015, Plaintiff filed a police report for fraud and identification theft.

21. Defendant has failed to remove all negative and inaccurate remarks it furnished to credit reporting agencies, and has not removed the inaccurate balance and account from Plaintiff's consumer credit report.

22. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment; Defendant is aware that the Agencies have already done so. However, Defendant continued, and continues to knowingly report false and incorrect information on Plaintiff's credit report.

23. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

24. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff has been damaged, and continues to be damaged, in the following way:
    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff reincorporates by reference all of the preceding paragraphs.

28. Under Section 1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17. Thus, at all times relevant herein, by engaging in conduct that violated Sections d, e, e(2)(a), f, f(1) and g(a) of the FDCPA, Defendant violated Section 1788.17 of the RFDCPA, thereby entitling Plaintiff to statutory damages under the same.

29. Under Section 1692d of the FDCPA, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d. Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiff for a debt that she did not owe, despite numerously being informed of this issue nearly a decade ago, and despite

initially acknowledging the issue, Defendant engaged in conduct which naturally resulted in Plaintiff's oppression.

30. Under Section 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiff for a debt that she did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant falsely suggested that Plaintiff owed a debt.

31. Under Section 1692e(2)(a) of the FDCPA, a debt collector may not falsely represent the character, amount or legal status of a debt, in connection with the collection of a debt. 15 U.S.C. §1692e2(a). Defendant violated this provision by engaging in the conduct described above. By taking monies from Plaintiff for a debt that she did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant falsely represented the legal status of the debt because Defendant represented that Plaintiff owed a debt, although she did not.

32. Section 1692e(10) of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). Defendant violated this provision by engaging in the conduct described above. By taking monies

from Plaintiff for a debt that she did not owe, despite numerously being informed of this issue nearly a decade ago, and despite initially acknowledging the issue, Defendant falsely represented the legal status of the debt because Defendant represented that Plaintiff owed a debt, although she did not..

33. Under Section 1692f of the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Defendant violated this provision by engaging in the conduct described above.

34. Section 1692f(1) of the FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). Defendant violated this provision because there was no agreement even creating a debt owed by Plaintiff to the party on whose behalf Defendant was collecting the alleged debt. Further, because Plaintiff is not the individual whom owes the alleged debt, Defendant's collection activities were not permitted by the law either. Thus Defendant violated this provision.

35. Defendant's violations of the RFDCPA were willful and knowing.

36. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for

8
**COMPLAINT FOR DAMAGES**

the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

**a)** Actual damages;

**b)** Statutory damages;

**c)** Costs and reasonable attorney's fees; and,

**d)** For such other and further relief as may be just and proper

### **SECOND CAUSE OF ACTION**
### **VIOLATIONS OF CALIFORNIA'S IDENTITY FRAUD STATUTE**
### **(Cal. Civ. Code § 1798.92-1798.97)**

**37.** Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**38.** The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

**39.** As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief

**COMPLAINT FOR DAMAGES**

the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a) Actual damages

b) Statutory damages pursuant to *Cal. Civ. Code* §1798.93(c)(6).;

c) Attorney's fees and cost

d) Any other equitable or injunctive relief the Court deems appropriate

## THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

42. Plaintiff reincorporates by reference all of the preceding paragraphs.

43. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

44. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for

the full amount of statutory and actual damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

45. Defendant has failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

46. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMER CREDIT REPORTING AGENCY ACT
### (Cal. Civ. Code §§1785.25(a))

47. Plaintiff reincorporates by reference all of the preceding paragraphs.

48. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Defendant violated this provision of the CCRAA by furnishing information to the credit reporting agencies while knowing that the information being furnished regarding Plaintiff's account with Defendant was inaccurate.

49. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide

corrections to the consumer reporting agency that is necessary to make the information complete and accurate. Defendant has failed to take such steps, despite having knowledge that its reporting is inaccurate regarding the account at issue.

50. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

51. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

e) Actual damages;

f) Statutory damages for willful and negligent violations;

g) Costs and reasonable attorney's fees; and,

h) For such other and further relief as may be just and proper including but not limited to an Order requiring the deletion of any and all negative reporting made by Defendant to the Agencies.

## TRIAL BY JURY

40. Pursuant to the seventh amendment to the Constitution of the United States of

America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 26, 2015

By: /s/ Todd M. Friedman
Todd M. Friedman
Suren N. Weerasuriya
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**